1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9   THOMAS ALLEN PORTER,                     CV F 06-00203 SMS HC

10                          Petitioner,      ORDER DENYING PETITIONER'S PETITION
                                             FOR WRIT OF HABEAS CORPUS
11         v.
                                             [Doc. 1]
12
    D.G. ADAMS, Warden, et.al.,
13
                          Respondent.
14   _____/

15
16         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to

     the jurisdiction of the United States Magistrate Judge.
18
19                                      BACKGROUND

20         Petitioner is currently in the custody of the California Department of Corrections and

21   Rehabilitation (CDCR), serving a sentence of 15 years to life following his conviction in Los

22   Angeles County on June 13, 1983, for second degree murder, and multiple counts of assault with

     great bodily injury.  (Exhibit 1, attached to Answer.)
23
24         In the instant petition, Petitioner does not challenge the validity of his conviction; rather,

     he challenges a disciplinary action taken against him at Avenal State Prison in 2003.
25
26         On May 28, 2003, Petitioner was issued a Rules Violation Report (RVR) for disruptive

27   behavior toward Correctional Officer C. Ramey.  (Exhibit 2, attached to Answer.)

28         Petitioner pled not guilty and a hearing was conducted on June 19, 2003.  The hearing

1   was postponed until June 22, 2003, because Sergeant Campbell was off work until that day.  (Id.)

2   On June 22, 2003, the hearing was again postponed so that the Senior Hearing Officer (SHO)

3   could clarify the RVR.  (Id.)  The RVR was adjudicated on June 23, 2003.

4        On January 20, 2003, a correctional officer interviewed Petitioner concerning a staff

5   complaint made by another inmate.  The complaint accused correctional officer Ramey of

6   sleeping on the job.  (See Petition, Exhibit 6.)  Petitioner alleges that the information provided at

7   this interview caused Ramey to retaliate against him by issuing the RVR.

8        On May 25, 2003, three days before the RVR was issued, Petitioner prepared an

9   administrative appeal and staff complaint claiming that correctional staff in his housing unit were

10  not properly processing his legal mail.  (Exhibit 3.)  Specifically, Petitioner alleged that staff had

11  lost or refused to mail seven of his confidential letters, and he requested an investigation into the

12  missing mail as well as a determination as to the responsible individual.  (Id.)  A specific officer

13  was not named in the appeal.  (Id.)  Petitioner alleges that this appeal caused Ramey to retaliate

14  against him by issuing the RVR.

15       On June 11, 2003, over a week after the incident, Petitioner submitted another

16  administrative appeal and staff complaint.  (Exhibit 4.)  Petitioner, along with several other

17  inmates, filed this appeal alleging staff misconduct, including retaliatory housing unit transfers

18  against members of the Men's Advisory Committee (MAC) and improper handling of

19  confidential inmate mail.  (Id.)  Correctional Officer Ramey and several other officers were

20  named in this appeal.  Petitioner again alleges that Ramey issued the RVR in retaliation for filing

21  this appeal.

22       On July 8, 2003, Petitioner filed an administrative appeal challenging the disciplinary

23  hearing.  (Exhibit 5.)  Petitioner alleged that Lieutenant Calvert was biased, he did not receive all

24  of the procedural protections, and that Ramey issued the RVR in retaliation for several

25  complaints Petitioner made against him.  (Id.)  The appeal was denied at the second level of

26  review as it was determined that the charge was substantiated by a preponderance of the

27  evidence,  and all the procedural safeguards were met.  (Id.)  The appeal was subsequently denied

28  at the director's level on March 9, 2004.  (Id.)

1       Petitioner filed a petition for writ of habeas corpus in the California Superior Court

2  County of Kings challenging the RVR on the following grounds: (1) all of the documentary

3  evidence was not part of the record; (2) some of the documentation was issued beyond the

4  statutory time limits and the SHO was biased; (3) the SHO denied him the opportunity to present

5  a defense; (4) the RVR was not accurate; and (5) the RVR was retaliatory.  (Exhibit 6.)  The

6  petition was denied as the Court found the SHO's decision to be supported by some evidence and

7  Petitioner's allegations were conclusory.  (Id.)

8       Petitioner then filed a petition in the California Court of Appeals.  Petitioner raised the

9  same claims he raised in the superior court petition, but also claimed that the superior court failed

10  to consider all of his claims.  (Exhibit 7.)  The petition was summarily denied on September 17,

11  2004.  (Id.)

12       Petitioner filed a petition with the California Supreme Court raising the same claims

13  raised in the prior two petitions, but also claimed that the court of appeals improperly denied his

14  petition without an opinion.  (Exhibit 8.)  The petition was summarily denied on August 17,

15  2005.  (Id.)

16       On January 25, 2006, Petitioner filed the instant petition for writ of habeas corpus in the

17  United States District Court for the Eastern District of California, Sacramento Division.  (Court

18  Doc. 1.)  By order of February 23, 2006, the action was transferred to the Fresno Division.

19  (Court Doc. 4.)

20       On June 30, 2006, Respondent filed an answer to the petition, and Petitioner filed a

21  traverse on December 1, 2006.  (Court Docs. 13, 20.)

22                                DISCUSSION

23  I.      Jurisdiction

24       Relief by way of a petition for writ of habeas corpus extends to a person in custody

25  pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or

26  treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor,

27  529 U.S. 362, 375 (2000).  Petitioner asserts that he suffered violations of his rights as

28  guaranteed by the U.S. Constitution. Petitioner's claims for relief arise out of a disciplinary

3

1  hearing at Avenal State Prison, California, which is located within the jurisdiction of this Court.

2  28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time

3  credits, such violation affects the duration of a sentence, and the violation may be remedied by

4  way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir.

5  1990).

6  II.    Standard of Review

7       This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

8  custody pursuant to the judgment of a State court only on the ground that he is in custody in

9  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

10       The AEDPA altered the standard of review that a federal habeas court must apply with

11  respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v.

12  Taylor, 529 U.S. 362 (2000). Under the AEDPA, an application for writ of habeas corpus will

13  not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or

14  involved an unreasonable application of, clearly established Federal law, as determined by the

15  Supreme Court of the United States;" or "resulted in a decision that was based on an

16  unreasonable determination of the facts in light of the evidence presented in the State Court

17  proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166 (2003), *disapproving the*

18  *Ninth Circuit's approach in* Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000); Williams, 529

19  U.S. 362. "A federal habeas court may not issue the writ simply because that court concludes in

20  its independent judgment that the relevant state court decision applied clearly established federal

21  law erroneously or incorrectly." Lockyer, 123 S.Ct. at 1175 (citations omitted). "Rather, that

22  application must be objectively unreasonable." Id. (citations omitted).

23       The state court's factual determinations must be presumed correct, and the federal court

24  must accept all factual findings made by the state court unless the petitioner can rebut "the

25  presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v.

26  Elem, 514 U.S. 765 (1995); Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110

27  F.3d 1380, 1388 (9th Cir. 1997).

28       In this case, the Kings County Superior Court denied the petition in a reasoned decision

1  finding that there was "some evidence" to support the guilty findings and that Petitioner's other

2  claims were conclusory and unsupported.  (Exhibit 6, attached to Answer.)  The summary denials

3  by the state appellate court and the California Supreme Court must be interpreted as denials on

4  this same basis.  Ylst v. Nunnemaker, 501 U.S. 797, 804-805 (1991); see also Forrest v.

5  Vasquez, 75 F.3d 562, 564 (9th Cir. 1996) (federal court "looks through" summary denial to last

6  explained state court judgment).

7  III.    Review of Petitioner's Claims

8          Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be

9  diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell,

10  418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution,

11  so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556.  Thus, a

12  prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison.

13  Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), citing Superintendent, etc. v. Hill, 472

14  U.S. 445, 454-455 (1984).

15          However, when a prison disciplinary proceeding may result in the loss of good time

16  credits, due process requires that the prisoner receive: (1) "Written notice of the charges must be

17  given to the disciplinary-action defendant in order to inform him of the charges and to enable him

18  to marshal the facts and prepare a defense"; (2) "at least a brief period of time after the notice, no

19  less than 24 hours, should be allowed to the inmate to prepare for the appearance before the

20  disciplinary committee"; (3) "there must be a written statement by the factfinders as to the

21  evidence relied on and reasons for the disciplinary action"; (4) "the inmate facing disciplinary

22  proceedings should be allowed to call witnesses and present documentary evidence in his defense

23  when permitting him to do so will not be unduly hazardous to institutional safety or correctional

24  goals"; and (5) "where an illiterate inmate is involved . . . or where the complexity of the issues

25  makes it unlikely that the inmate will be able to collect and present the evidence necessary for an

26  adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . .

27  to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff."

28  Wolff, 418 U.S. at 564, 566, 570.

1          A.      Disciplinary Proceeding Complied With Due Process

2          Petitioner contends that the SHO did not allow him to present evidence and witness

3    testimony on his behalf.  Initially, Petitioner contends that the SHO excluded documentary

4    evidence from the record, including a copy of the assignment ducat, his MAC activity card, and

5    the MAC bylaws.  However, as Respondent argues, there is no evidence that Petitioner requested

6    that these documents be introduced into evidence.  (Exhibit 2, to Answer.)   Nonetheless, even if

7    Petitioner had made such a request, the documents are irrelevant.  The documentation addresses

8    only whether Petitioner was authorized to be showering at the time of the incident, not the

9    disruptive behavior charge, which was the basis for the RVR.

10         Petitioner additionally claims that he was not allowed to present a statement in his own

11   defense.  This claim is unfounded as the rules violation report contains an extensive statement by

12   Petitioner presenting his version of the incident and his claim that he felt the rules violation was

13   issued in retaliation.  (Exhibit 2, to Answer.)

14         Lastly, Petitioner contends that the SHO did not document or allow the testimony of his

15   witness, Molero.  As stated on the rules violation report, "Subject did not request any witnesses

16   to be present at his disciplinary hearing."  (Exhibit 2, to Answer, at p.4.)  Accordingly, this

17   witness was never called, nor is there evidence Petitioner ever requested that he testify.  (Id.)

18         B.      Rules Violation Report Was Supported by Some Evidence

19         "In Superintendent, Mass. Correc. Inst. v. Hill, the Supreme Court further held that

20   'revocation of good time does not comport with 'the minimum requirements of procedural due

21   process,' unless the findings of the prison disciplinary board are supported by some evidence in

22   the record.'  472 U.S. 445, 454 (1985), quoting Wolff v. McDonnell, 418 U.S. 539, 558 (1974)."

23   Sass, 461 F.3d at 1128.  In determining whether the "some evidence" standard is met, the Court

24   need not examine the entire record, independently assess the credibility of witnesses, or re-weigh

25   the evidence.  Id.  Rather, the Court must determine whether there is any evidence in the record

26   that could support the conclusion of the disciplinary board.  Id., citing Superintendent v. Hill, at

27   455-56.

28         Petitioner contends that the SHO was not impartial because he had previously ordered a

1  correctional officer who witnessed the incident to write a supplemental report.  Contrary to

2  Petitioner's contention, this assertion does not support a finding that the SHO was biased.  As

3  Respondent submits, the SHO ordered the report before he was even assigned to adjudicate the

4  case and, if anything, it merely shows that he desired all of the facts to be properly documented.

5  The SHO's decision relied on the RVR and the supplemental report in making his determination

6  that Petitioner was guilty of engaging in disruptive behavior.  This finding is supported by "some

7  evidence."

8          On May 28, 2003, at approximately 2245 hours, Correctional Officer C. Ramey observed

9  Petitioner in the "B" side showers.  Petitioner was paged to the Officers Station.  As officer

10  Ramey attempted to counsel Petitioner regarding the shower hours and procedure, Petitioner

11  "became enraged, stating in a loud voice and capturing the attention of housing unit population,

12  'I work all day.'" (Exhibit 2, attached to Answer.)  Officer Ramey told Petitioner that the roster

13  indicated that his work hours were from 7:00 a.m. to 2:30 p.m.  However, Petitioner stated that

14  his work hours varied, which was reflected on his activity card.  Petitioner then "became more

15  enraged and his voice even louder" when he stated, " 'You are just singling me out.' " He stated

16  that there was another inmate in the shower and that inmate would also need to be issued a rules

17  violation.  Petitioner's "actions drew even more attention from the housing unit population" and

18  "disrupted the orderly operation of the housing unit." (Id.)

19          In response to the charges, Petitioner stated he was not disruptive toward Officer Ramey

20  and did not speak in a loud voice.  He had worked that entire day and he therefore missed the

21  regular shower schedule.  His privilege card reflects that his work schedule varies. (Id. at p.2.)

22          Based on a preponderance of the evidence, Petitioner was found guilty of disruptive

23  behavior.  It was determined that when Petitioner was noticed to be showering at an unauthorized

24  time and while he was being counseled, he became disruptive toward Officer Ramey.  Then after

25  being counseled,  Petitioner became "enraged" drawing the attention of other inmates in the area.

26  It was noted that Petitioner disrupted the "orderly operation" of the unit by raising his voice

27  while arguing with the reporting officer.  In light of the evidence presented and considered at the

28  hearing, there was "some evidence" to support the decision.

1   Petitioner's contention that the SHO was not impartial because he had previously ordered

2   a corrections officer who witnessed the incident to write a report does not demonstrate bias.  As

3   Respondent submits, the SHO ordered the report before he was assigned to adjudicate the case

4   and, if anything, it shows that he wanted all the facts to be properly presented and documented.

5   C.   Petitioner Has Failed to Establish That The RVR Was Issued in Retaliation

6   Petitioner contends that the disciplinary action taken against him should be invalidated

7   because Officer Ramey issued the RVR in retaliation for several inmate appeals Petitioner filed

8   as well as due to a staff complaint against Ramey in which Petitioner was involved.  Petitioner's

9   claim is not persuasive.

10   First, as Respondent correctly argues, because Petitioner is challenging the validity of the

11   disciplinary hearing and resulting loss of good time credits, the proper standard for reviewing a

12   challenge to the RVR is "some evidence."  In this § 2254 proceeding, the claims before this

13   Court are due process claims rather than First Amendment retaliation claims.  For the reasons

14   explained above, the state court properly applied the clearly established federal law and

15   determined that "some evidence" supported the SHO's decision.

16   D.   Untimely Issuance of Supplemental Rules Violation Report

17   Petitioner claims that he did not receive a supplemental report within 15 days pursuant to

18   the CDCR regulations.  This claim is not cognizable in the instant federal habeas corpus petition.

19   Habeas corpus relief is not available to correct alleged errors in the state court's application or

20   interpretation of state law.  Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991);

21   Middleton v. Cupp, 768 F.2d 1083, 1084-85 (9th Cir.1985).  CDCR regulations provide that an

22   inmate must normally receive a copy of the RVR within 15 days of the incident.  Cal. Code.

23   Regs. tit. 15, § 3320(a).  Federal law, however, does not specify how much advance notice an

24   inmate must receive.  Wolff, 418 U.S. at 563.  In fact, Petitioner does not allege that he did not

25   receive advance notice of the charges, he contends only that he did not receive all the reports

26   within the 15 days prescribed by California law.  Such a claim is not cognizable.  The

27   Constitution only requires that prisoners be afforded those procedures mandated by Wolff at a

28   prison disciplinary hearing; it does not require that prison officials comply with their own more

8

1  generous procedures or time limitations.  See Walker v. Sumner, 14 F.3d at 1419-1420; Rogers

2  v. Okin, 738 F.2d 1, 8 (1st Cir. 1984).

3                                         ORDER

4          Based on the foregoing, it is HEREBY ORDERED that:

5          1.       The instant petition for writ of habeas corpus is DENIED; and,

6          2.       The Clerk of Court is directed to enter judgment in favor of Respondent.

7

8

9

10

11         IT IS SO ORDERED.

12  **Dated:    March 10, 2008**                    _____/s/ Sandra M. Snyder_____
                                                    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28